770 F.2d 810
 AMERICAN TRUCKING ASSOCIATIONS, INC.; Film, Air and Package
Carriers Association; Interstate Carriers Conference;
National Tank Truck Carriers, Inc.; Oilfield Haulers
Association; Oregon Trucking Association, Inc.; Regional
and Distribution Carriers Conference; Regular Common
Carrier Conference; and Specialized Carriers and Rigging
Association, Petitioners,
and
Patrick W. Simmons, Intervenor,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
and
Association of American Railroads, Intervenor.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFERS,
WAREHOUSEMEN AND HELPERS OF AMERICA, Petitioner,
and
Patrick W. Simmons, Intervenor,
v.
INTERSTATE COMMERCE COMMISSION, and United States of
America, Respondents,
and
Association of American Railroads, Intervenor.
 Nos. 84-7545, 85-7546.
 United States Court of Appeals,
Ninth Circuit.
 Argued June 6, 1985.
Submitted July 9, 1985.
Decided Sept. 4, 1985.
 
 William S. Busker, Vice President Legal Affairs, Kenneth E. Siegel, Kevin M. Williams, Alexandra, Va., for American Trucking, et al.
 George Kaufmann, Robert J. Higgins, Dickstein, Shapiro & Morin, Washington, D.C., for Int'l Broth. of Teamsters, etc.
 Gordon P. MacDougall, Washington, D.C., for intervenor Patrick W. Simmons.
 Robert S. Burk, Henri F. Rush, Laurence H. Schecker, I.C.C., Washington, D.C., for I.C.C. and U.S.
 Betty Jo Christian, Timothy M. Walsh, Janice Barber, Steptoe & Johnson, Washington, D.C., for intervenors Asso. of American Railroads.
 Petitions for Review of an Order of the Interstate Commerce Commission.
 Before CHOY, HUG, and BOOCHEVER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioners challenge an Interstate Commerce Commission (I.C.C.) decision to abandon the practice of allowing railroads to acquire motor carriers only to aid its rail operations in special circumstances, Acquisition of Motor Carriers by Railroads, I.C.C. No. 438 (July 20, 1984).
 
 
 2
 Petitioners have not shown that the regulation immediately affects their day-to-day affairs. The petition is dismissed because the challenge is not ripe for judicial review. See Toilet Goods Assn. v. Gardner, 387 U.S. 158, 164-66, 87 S.Ct. 1520, 1524-25, 18 L.Ed.2d 697 (1967).
 
 
 3
 Judicial review will be available to challenge an order of the I.C.C. that applies I.C.C. Rule No. 438 to a specific factual situation. See id.
 
 
 4
 DISMISSED.